# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RADIATION STABILIZATIONSOLUTIONS LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 11-cv-7700 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| ACCURAY INC. and CANCER TREATMENT CENTERS OF AMERICA, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

I. RSS MISAPPREHENDS THE *TWOMBLY/IQBAL* PLEADING STANDARD ...............3

II. RSS'S OPPOSITION CANNOT REMEDY ITS FAILURE TO STATE A CLAIM
OF INDUCEMENT AGAINST ACCURAY .................................................................6

   A. RSS Effectively Concedes that It Cannot Plead Knowledge of the Patent......................6

   B. RSS Cannot Maintain its Inducement Claim Against Accuray Based on
Knowledge After the Time of Complaint .......................................................................7

   C. RSS Mischaracterizes its Conclusory Allegations Regarding Specific Intent And
Specific Acts to Induce Infringement ...........................................................................10

   D. RSS Fails to Identify Any Underlying Act of Direct Infringement or A Plausible
Direct Infringer ............................................................................................................11

III. RSS'S OPPOSITION CANNOT REMEDY ITS FAILURE TO STATE A CLAIM
FOR CONTRIBUTORY INFRINGEMENT AGAINST ACCURAY ............................12

   A. RSS Effectively Concedes It Cannot Plead Pre-Suit Knowledge of the Patent .............12

   B. RSS Fails to Plead Factual Allegations Supporting Knowledge of a Component
"Especially Made or Adapted for an Infringing Use" ....................................................13

   C. RSS Fails to Plead An Underlying Act of Direct Infringement or Identify A
Plausible Direct Infringer..............................................................................................14

IV. RSS HAS FAILED TO STATE A CLAIM OF DIRECT INFRINGEMENT
AGAINST CTCA ......................................................................................................14

V. RSS HAS FAILED TO STATE A CLAIM OF INDUCEMENT AGAINST CTCA.......15

VI. RSS HAS FAILED TO STATE A CLAIM OF CONTRIBUTORY
INFRINGEMENT AGAINST CTCA ...........................................................................17

# TABLE OF AUTHORITIES

## CASES

*Adaptor, Inc. v. Sealing Sys., Inc.*,
   No. 09-1070, 2010 U.S. Dist. LEXIS 139054 (E.D. Wisc. Dec. 29, 2010) ............................ 21

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702, 2011 U.S. Dist. LEXIS 65003, at *9 (W.D. Tex. June 17, 2011) .......... 9

*Ashcroft v. Iqbal*,
   55 U.S. 662 (2009) ................................................................................................................ 3, 4

*Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*,
   377 F.3d 682 (7th Cir. 2004) ................................................................................................... 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................. 3, 4

*Biax Corp. v. Motorola Solutions, Inc.*,
   No. 10-cv-03013, 2012 U.S. Dist. LEXIS 18546, *9 (D. Co. February 15, 2012) ............... 5, 8

*Bissessur v. Ind. Univ. Bd. of Trs.*,
   81 F.3d 599 (7th Cir. 2009) ....................................................................................................... 3

*Burks v. Raemisch*,
   555 F.3d 592 (7th Cir. 2009) ..................................................................................................... 4

*Carolina Cas, Ins. Co. v. Merge Healthcare, Inc.*,
   No. 11 C 3844, 2011 U.S. Dist. LEXIS 100710, at * 13 (N.D. Ill. 2011) .............................. 20

*Centillion Data Sys., LLC v. Q-West Comm'n Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011) ............................................................................................... 11

*Cephalon, Inc. v. Sandoz, Inc.*,
   No. 11-821, 2012 U.S. Dist. LEXIS 26494, at *10-12 (D. Del. March 1, 2012) ................... 14

*Cross Med. Prods. v. Medtronic Sofamor Danek*,
   424 F.3d 1293 (Fed. Cir. 2005) ............................................................................................... 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................... 21

*Facilitec,USA bv. Dunnwell, LLC*,
   No. 09 C 725 (Docket No. 28) (N.D. Ill. Oct. 5, 2009) ............................................................ 7

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ......................................................................................... 16, 22

*Groupon, Inc. v. Mobgob LLC*,
   No. 10 C 7456, 2011 U.S. Dist. LEXIS 56937, at *3 (N.D. Ill. 2011) .................................... 11

*Intellect Wireless Inc. v. Sharp Corp.*,
   No. 10 C 6763, 2012 U.S. Dist. LEXIS 31669, at *6-7 (N.D.Ill. March 2012) ........................ 7

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ................................................................ 5

*One World Techs., Ltd. v. Robert Bosch Tool Corp.*,
  No. 04 C 0833, 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. July 20, 2004) .................. 14

*Pagemelding, Inc. v. ESPN, Inc.*,
  No. 11 C 06263, 2012 U.S. Dist. LEXIS 33605 (N. D. Cal. March 13, 2012) ........................ 5

*Pirelli Armstrong Tire Corp. v. Walgreen Co.*,
  631 F.3d 436 (7th Cir. 2011) ....................................................... 9, 16, 22

*Purdue Pharmaceutical Products L.P. v. Hospira, Inc*,
  No. 10-cv-6471 (Doc. No. 28) (N.D. Ill. March 14, 2011) .................................... 13

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
  360 F.3d 1295 (Fed. Cir. 2004) ................................................................ 17

*Reyes v. City of Chicago*,
  585 F. Supp.2d 1010, 1016 (N.D. Ill. 2008) ............................................... 4

*Ricoh Co., Ltd. v. Quanta Computer, Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) ................................................................ 8

*SourceOne Global Partners, LLC v. KGK Synergize, Inc.*,
  No. 08-cv-7403, 2009 U.S. Dist. LEXIS 62258, at * 4, 21 (N.D. Ill. July 21, 2009) ............. 13

*Swanson v. Citibank,*
  *N.A.*, 614 F.3d 400 (7th Cir. 2010) ........................................................ 6

*Technology Licensing Corp. v. Technicolor USA, Inc.*,
  No. 10 C 1329, 2010 U.S. Dist. Lexis 113292, at *10-11 (E.D. Cal. Oct. 18, 2010) ............. 17

*Trading Tech. Int'l v. BCG Partners, Inc.*,
  No. 10 C 715, 2011 U.S. Dist. LEXIS 48399 (N.D. Ill. May 5, 2011) ........................ 3, 8, 16

*Trustees of the Auto. Mechanics' Indus. Welfare v. Elmhurst Lincoln Mercury*,
  677 F. Supp. 2d 1053, 1056 (N.D. Ill. 2010) .............................................. 4

*Vadis v. Skype*,
  No. 11-507, 2012 U.S. Dist. LEXIS 10182 (D. Del. January 12, 2012) ....................... 6

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
  208 F.3d 981 (Fed. Cir. 2000) ................................................................ 17

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) ......................................................... 9

## STATUTES

35 USC § 271(e)(2) ...................................................................... 11

## RULES

Fed. R. Civ. P. 12(b)(6) .................................................................. 6

Defendants Accuray and CTCA respectfully submit this reply memorandum in further support of their Rule 12(b)(6) Motion to Dismiss RSS's Amended Complaint  in its entirety.

RSS's Opposition confirms the fatal defects of its Amended Complaint.  Although RSS attempts to salvage its Complaint by rewriting its claims of infringement and injecting new factual allegations where none existed, the law does not permit RSS such belated creative license.  RSS's marginal, "cut and paste" approach to pleading (although common practice for many non-practicing entities) does not meet the Supreme Court's pleading standard set forth in *Twombly* and *Iqbal*.[1]  Indeed, RSS does itself more harm than good with its Opposition.  While scurrying to refute Defendants' contention that it added CTCA merely to anchor jurisdiction, RSS unwittingly reveals yet another fatal shortcoming in its Amended Complaint.  RSS now freely admits that it may not be able to recover from Accuray for inducing or contributing to alleged ***pre-suit*** infringement, and that it added CTCA to somehow bolster its indirect infringement claims against Accuray.[2]  RSS's admission sheds light on its inexplicable failure to properly plead the requisite elements of both inducement and contributory infringement against Accuray  – apparently RSS could not do so consistent with its Rule 11 obligations.   But whether RSS added CTCA as a party to anchor jurisdiction or to divert attention from the flaw in its infringement allegations against Accuray, its admission provides another ground for dismissal.

RSS failed to plead that Accuray had knowledge of the '848 patent before the suit was filed and now, effectively concedes that Accuray did not have knowledge of the '848 patent prior to the filing of this suit.  Without such knowledge, as a matter of law, Accuray cannot have indirectly infringed the '848 patent pre-suit.  Glossing over this fatal defect, RSS illogically accuses Accuray of somehow contributing to or inducing infringement of the '848 patent ***after***

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 55 U.S. 662 (2009).
[2] RSS does not plead allegations of direct infringement against Accuray, nor could it do so.

1

the filing date of the complaint. But such an argument would mean that RSS did not have a good faith basis for filing suit against Accuray in the first place. RSS cannot maintain claims for indirect infringement based solely upon speculative acts that have not yet occurred, and may never occur. In the absence of any allegedly infringing activity on which to base its allegations, RSS cannot state a claim against Accuray upon which relief can be granted.

For similar reasons, RSS's indirect infringement allegations against CTCA also must be dismissed. RSS failed to plead knowledge of the patent by CTCA prior to the filing of the suit. Again, without such knowledge, CTCA could not have induced "others" or contributed to infringement pre-suit. Furthermore, RSS's indirect infringement allegations against CTCA must be dismissed because RSS failed to identify an underlying direct infringer. RSS alleges only that CTCA has induced "***others***" to directly infringe. Who are those "***others***" that allegedly directly infringe the '848 patent? Absent any factual allegations to support its Amended Complaint, Defendants and the Court are left to guess.

Finally, RSS's allegations of direct infringement against CTCA must be dismissed because CTCA cannot be a direct infringer. As Defendants pointed out, no entity called "CTCA" is licensed to use the accused Tomo Hi-Art system. In response, RSS reveals that it has not yet decided what "CTCA" means, at one point suggesting that what it really meant by "CTCA" was "the CTCA entity that is located in Zion, IL," one of four regional hospitals and clinics affiliated with CTCA. Even a cursory review of the Complaint demonstrates that RSS never described CTCA that way. Elsewhere in its Opposition, RSS argues inconsistently that it made a clerical error and intends to amend its Complaint (yet again) to name CTCA, ***Inc.*** Such ambiguity only underscores the defects in RSS's allegations against CTCA, and makes it

impossible to understand RSS's infringement theories. For these reasons, RSS's allegations against CTCA must also be dismissed.

## I.  RSS MISAPPREHENDS THE *TWOMBLY/IQBAL* PLEADING STANDARD

RSS's Opposition, like its Amended Complaint, is based upon a fundamental misunderstanding of the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*. Incredibly, RSS asserts that "neither *Twombly* nor *Iqbal* altered the Rule 8 pleading standard." (Opp. at p. 1).[3] As this Court has recognized, however, merely reciting the elements of a cause of action without ***any*** supporting facts to make such a claim plausible fails to meet such pleading standard. *See, e.g., Trading Tech. Int'l v. BCG Partners, Inc*., No. 10 C 715, 2011 U.S. Dist. LEXIS 48399 (N.D. Ill. May 5, 2011).

RSS cites a number of cases to support the adequacy of its Complaint under a notice pleading standard. (Opp. at p. 6) None, however, stands for the proposition that a complaint devoid of factual allegations can stand after *Twombly* and *Iqbal*. For example, RSS cites *Bissessur* for the proposition that "our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact." (*Id.*) *Bissessur v. Ind. Univ. Bd. of Trs.*, 81 F.3d 599 (7th Cir. 2009). RSS neglects to mention that the Seventh Circuit actually ***affirmed*** the district court's dismissal of Bissessur's complaint for failure to meet the standard set forth in *Twombly* and *Iqbal*. *Id.* at 603 ("Bissessur's complaint falls drastically short of providing the necessary factual details to meet the *Twombly* standard."). RSS quotes from *Reyes*, a pre-*Iqbal* decision, but only includes part of the sentence. The full quote states: "*While a complaint must allege enough facts to state a claim*, contrary to defendants' argument neither specific facts nor evidence are required for pleading purposes in federal court." *Reyes v. City of Chicago*, 585 F. Supp.2d 1010, 1016 (N.D. Ill. 2008). In *Burks*, the court actually concluded that a prisoner

---

[3] All citations to "Opp." refer to Plaintiff's Response to Motion to Dismiss (Docket No. 41).

plaintiff had pled sufficient facts to support his claim of mistreatment. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). In *Elmhurst*, the court pointed to specific factual allegations, concluding that, "while the complaint contains many conclusory assertions, not all of its allegations are of this character." *Trustees of the Auto. Mechanics' Indus. Welfare v. Elmhurst Lincoln Mercury,* 677 F. Supp. 2d 1053, 1056 (N.D. Ill. 2010).

RSS contends that Defendants are improperly using *Twombly* and *Iqbal* to seek resolution of the merits of the case at the pleading stage. (Opp. at p. 7). RSS cites to *McZeal* for the proposition that Form 18 is the best guide for evaluating the sufficiency of a complaint for patent infringement. ( *Id.*) *McZeal v. Sprint Nextel Corp*., 501 F.3d 1354, 1356 (Fed. Cir. 2007). RSS neglects to mention, however, that *McZeal* preceded *Iqbal*. *See Biax Corp. v. Motorola Solutions, Inc*., No. 10-cv-03013, 2012 U.S. Dist. LEXIS 18546, *9 (D. Co. February 15, 2012) ("Plaintiff's reliance here on *McZeal* which was decided after *Twombly* but before *Iqbal*, is misplaced."). After *Iqbal*, courts have routinely required indirect infringement pleadings to provide more factual detail. *See, e.g., Biax*, 2012 U.S. Dist. LEXIS 18546, at *9-11 (and cases cited therein). More recently, courts have criticized *McZeal* and begun to question whether the Form 18 standard is sufficient even for direct infringement pleading. *See, e.g., Pagemelding, Inc. v. ESPN, Inc*., No. 11 C 06263, 2012 U.S. Dist. LEXIS 33605 (N. D. Cal. March 13, 2012), in which the court rejected a plaintiff's direct infringement pleading as "nothing more than legal conclusions, couched as factual allegations." *Id.* at *4-5. The court stated:

> Form 18 provides for nothing more than the type of 'defendant-unlawfully-harmed-me accusation' expressly rejected in *Iqbal*. The Supreme Court surely was aware of existing precedent, the Federal Rules of Civil Procedure, and the forms contained within. Absent any evidence that it intended to exempt patent infringement claims from the standard set forth in *Iqbal*, this order concludes that *McZeal* was disapproved to the extent that compliance with Form 18 was sufficient to withstand a motion to dismiss for failure to state a claim. To do otherwise would require blatant disregard for the Supreme Court's holding.

4

*Id.* at *4-5. *See also Vadis v. Skype,* No. 11-507, 2012 U.S. Dist. LEXIS 10182 (D. Del. January 12, 2012), *5-8 (declining to follow *McZeal*, and dismissing allegations based "on information and belief" and using conclusory language).

RSS cites *Trading Techs* for the proposition that "Courts in this district have affirmed that *Twombly* and *Iqbal* did not affect the adequacy of complying with Form 18, and that a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face." (Opp. at 8). The pages cited by RSS do not discuss the adequacy of Form 18, but rather whether the plaintiff could use settlement discussions to show knowledge of the patents. *See Trading Techs*, at *8-11. In fact, *Trading Technologies* perfectly illustrates that Courts in this district do follow the *Iqbal* standard and require a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *12 (quoting *Iqbal*, 129 S. Ct. at 1949). "[U]nder *Iqbal*, 'the plaintiff must give enough details about the subject matter of the case to present a story that holds together.'" *Id.* at *13 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

Citing *Intellect Wireless* and *Facilitec*, RSS argues that it need not supply *any* factual allegations to support its direct infringement claim against CTCA because the Rule 12(b)(6) stage is not the appropriate time for either claim construction or proof of infringement. A closer reading of these cases, however, reveals that they do not support RSS's proposition. Unlike Defendants here, defendants in both cases made substantive arguments that clearly implicated claim construction issues, and for that reason, the courts denied their motions to dismiss. *See Intellect Wireless Inc. v. Sharp Corp.*, No. 10 C 6763, 2012 U.S. Dist. LEXIS 31669, at *6-7 (N.D. Ill. March 2012) (defendants argued they did not directly infringe asserted claim because it required a wireless connection with a message center, which the defendants neither made, used

5

or supplied); *Facilitec, USA v. Dunnwell, LLC,* No. 09 C 725 (Docket No. 28) (N.D. Ill. Oct. 5, 2009) (defendants argued that the complaint was limited to the alleged infringement of claims 1-6 of the asserted patent, and that the allegations did not amount to literal infringement). Applying RSS's flawed interpretation of this case law to Defendants' motion would allow an end-run around the *Iqbal* plausibility standard.

## II.   RSS'S OPPOSITION CANNOT REMEDY ITS FAILURE TO STATE A CLAIM OF INDUCEMENT AGAINST ACCURAY

### A.   RSS Effectively Concedes that It Cannot Plead Knowledge of the Patent

RSS effectively concedes that it has not and cannot, consistent with Rule 11, allege that Accuray had actual or even constructive knowledge of the '848 patent prior to the filing of this suit.  (Opp. at pp. 3, 10)  Instead, RSS mischaracterizes the allegations in its Amended Complaint, and argues that it pled on information and belief that Accuray had knowledge of the '848 patent "at least as of the filing date of the complaint" and then purportedly "*continue[d]* to commit acts of active inducement."[4]  (Opp. at p. 10)  This allegation is not found ***anywhere*** in RSS's pleading, but was raised for the first time in RSS's Opposition.   RSS points to paragraph 8 of the Amended Complaint as pleading knowledge of the patent.  Paragraph 8 makes a bare reference to "knowing inducement to infringe," but this is separate from the element of knowledge of the patent.  *See, e.g., Ricoh Co., Ltd. v. Quanta Computer, Inc.,* 550 F.3d 1325, 1340-43 (Fed. Cir. 2008).  Further, merely reciting the word "knowing," as RSS did in paragraph 8, is insufficient to show that Accuray had the requisite knowledge of the patent-in-suit.  *See Biax*, 2012 U.S. Dist. Lexis 18546, at *13-14 (court disagreed with plaintiff's contention that merely including the word "knowingly" was sufficient to indicate knowledge of the patent); *Trading Tech*, 2011 U.S. Dist. LEXIS 99415, at *14 (noting that plaintiff's general allegations of

---

[4] The word "*continued*" is misleading.  Without previous knowledge of the patent, a defendant cannot "*continue* to commit acts of inducement."

knowledge of the patent were too conclusory). RSS cannot "fill in the blanks" in its deficient pleading by asserting this critical element of inducement and contributory infringement for the first time in its opposition brief. *See Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (in deciding motion to dismiss, court is limited to facts pled in the complaint, and plaintiff may not amend its complaint in its opposition brief).

### B. RSS Cannot Maintain its Inducement Claim Against Accuray Based on Knowledge After the Time of Complaint

Moreover, even if the Amended Complaint had alleged that Accuray had knowledge of the '848 patent as of the filing of this suit (which it did not), courts have held that "knowledge [of the patent] *after* filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *See, e.g., Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702, 2011 U.S. Dist. LEXIS 65003, at *9 (W.D. Tex. June 17, 2011).

RSS cites three cases in this jurisdiction, *Groupon*, *Trading Technologies* and *Intellect Wireless*, for the proposition that "the requisite level of knowledge can be established, at a minimum, at the time of filing of the complaint." (Opp. at p. 10). A careful reading of these cases, however, reveals that the stated proposition is limited to specific factual situations not present here. For example, in all three cases, plaintiffs and defendants were competitors; plaintiffs asserted both direct and indirect infringement; and plaintiffs provided sufficient factual detail to make their allegations of indirect infringement plausible under *Twombly/Iqbal*.

In *Trading Technologies*, the plaintiff alleged generally that the defendants had actual knowledge of the patents at issue (which is more than RSS has alleged here). *Trading Tech.*, 2011 U.S. Dist. LEXIS 99415, at *15. The court further held that "[*b*]*y itself, that general allegation would likely be too conclusory and not set out a plausible claim*." *Id.* (emphasis

7

added).  Applying *Iqbal,* the court stated that a plaintiff must plead enough factual details about the subject matter of the case "to present a story that holds together." *Id.* at *13.  The Court found the pleading sufficient because "TT sketche[d] out more" facts in its complaint to make the allegation plausible, including pleading that it had marked its product with the patent number, and that defendants had notice of the patent through prior related lawsuits. *Id.* at *15-16.  Taken together, these facts allowed the Court to infer that defendant had knowledge of the patent.

In contrast, RSS has not pled a single fact to support its conclusory inducement allegations.  RSS cannot argue that Accuray should have kept its eye on Acacia's, RSS's or the inventor's patents – because they are not competitors of Accuray, and do not even practice the patented invention, much less mark a product with the patent-in-suit. *See id.* at *16.  Indeed, RSS concedes that it may not be able to show that Accuray had any knowledge of the patent-in-suit before this suit was filed.  (Opp. at p. 3). The facts and circumstances that allowed the *Trading Technologies* Court to infer "knowledge of the patent" simply are not present here. *Trading Technologies* is further limited to situations in which the Defendant is accused of ***both*** direct and indirect infringement. *See id.* at *15-16.  Here, RSS has not accused (and cannot accuse) Accuray of direct infringement[5], and thus, *Trading Technologies* is inapposite.

*Groupon* is also distinguishable.  As in *Trading Tech*, the plaintiff pled both direct and indirect infringement. *Groupon, Inc. v. Mobgob LLC*, No. 10 C 7456, 2011 U.S. Dist. LEXIS 56937, at *3 (N.D. Ill. 2011). The plaintiff pled that the defendants had knowledge of the patent-in-suit "on information and belief." *Id.* As discussed above, RSS has not pled knowledge of the

---

[5] See *Centillion Data Sys., LLC v. Q-West Comm'n Int'l, Inc.*, 631 F.3d 1279, 1284-87 (Fed. Cir. 2011) (direct infringement by use of a system claim requires a party to use each and every element of a claimed system) (citing *Cross Med. Prods. v. Medtronic Sofamor Danek*, 424 F.3d 1293 (Fed. Cir. 2005); *Intellect Wireless Inc. v. Sharp Corp.*, No. 10 C 6763,  2012 U.S. Dist. LEXIS 31669 at *27-30 (N.D. Ill. March 9, 2012)).

patent "on information and belief" or otherwise. This failure alone is fatal to RSS's Amended

Complaint. Further, even though Groupon had generally alleged "knowledge of the patent" in its

complaint, the Court held that Plaintiff "must still set forth enough factual matter to make even

its general allegations plausible." *Id.* The Court found Groupon's pleading sufficient only

because it had pled additional facts and details to support its general allegation that the

Defendant had knowledge of the patent. *Id.*

 *Intellect Wireless* is also distinguishable. *Intellect Wireless,* 2012 U.S. Dist. LEXIS

31669, at *35. The court decided the case on summary judgment, having denied earlier motions

to dismiss because the defendants had made substantive arguments and thus "a dismissal would

implicate claim construction or invalidity issues." *Id.* Relying on *Cross Medical* and *Centillion*,

the court held the defendants did not directly infringe. *Id.* The court adopted the *Groupon* and

*Trading Tech* approach regarding knowledge of the patent for indirect infringement. *Id.* at *35.

Again, as in *Trading Tech* and *Groupon*, the court relied on the fact that plaintiff had pleaded

both direct and indirect infringement in its complaint. *Id.* Although the court noted in dicta that

the *Groupon* reasoning might also apply to defendants who were not direct offenders but

nevertheless continued to promote infringing uses of their products after learning about the

patents, the court explicitly limited its comment to post-filing conduct. *Id.* "Defendants'

knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge

requirement ***for conduct that post-dates the date of the complaint.***" *Id.* The court recognized

that if a plaintiff attempted to establish the knowledge requirement by amending its complaint,

and "sought liability and damages for ***pre-filing*** inducement, knowledge of the patent resulting

from the complaint would ***not*** be sufficient to establish the knowledge required to impose

liability for acts of inducement that occurred before the commencement of the lawsuit." *Id.* Accordingly, none of these cases supports RSS's inducement allegations against Accuray.

### C. RSS Mischaracterizes its Conclusory Allegations Regarding Specific Intent And Specific Acts to Induce Infringement

RSS apparently fails to recognize that Accuray could not possibly have had intent to cause infringement of a patent that it did not even know existed. Moreover, the Amended Complaint fails to make any non-conclusory allegations that Accuray had such specific intent. RSS points to boilerplate legal conclusions in paragraphs 8 and 11, which it characterizes as "facts" that purportedly support a reasonable inference of specific intent. (Opp. at p. 10). RSS states that it pled "on information and belief" that the defendants are "actively inducing infringement of the '848 patent." *Id.* These statements are the kind of labels and barebones legal conclusions that have been held insufficient under *Twombly* and *Iqbal. See, e.g., SourceOne Global Partners, LLC v. KGK Synergize, Inc*., No. 08-cv-7403, 2009 U.S. Dist. LEXIS 62258, at * 4, 21 (N.D. Ill. July 21, 2009) (applying *Twombly* and holding that complaint "requires more than labels and conclusions"). RSS has not alleged any facts from which this Court could reasonably infer – as opposed to speculate – that Accuray had any intent to induce infringement. RSS cites *Ricoh* for the proposition that "specific intent may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement," *Ricoh,* 550 F.3d at 1342, but RSS has not pled a single fact or provided any circumstantial evidence that would allow such an inference to be made.

RSS argues that its allegation is "near identical to an allegation of induced infringement" in *Purdue.* (Opp. at p. 11). Like the other cases RSS cites, *Purdue* (a pharmaceutical case under the Hatch-Waxman Act), is factually distinguishable. *Purdue Pharmaceutical Products L.P. v. Hospira, Inc,* No. 10-cv-6471 (Doc. No. 28 at pp. 2-3) (N.D. Ill. March 14, 2011). Under the

statutory scheme, many of the factual underpinnings of Purdue's complaint were required to be disclosed. *See, e.g., Cephalon, Inc. v. Sandoz, Inc.,* No. 11-821, 2012 U.S. Dist. LEXIS 26494, at *10-12 (D. Del. March 1, 2012) (explaining Hatch-Waxman statutory scheme). For example, (1) Hospira was required to file a new drug application under § 505(b)(2) of the Federal Food, Drug and Cosmetics Act with the FDA seeking approval to market its product, and thus it was known that Hospira intended to sell or offer to sell its drug product to third parties; (2) Purdue held a patent covering the drug, which was required to be listed in the publicly available Orange Book, and thus Hospira was aware of Purdue's patent; (3) under 35 USC § 271(e)(2), submitting such application establishes an artificial act of infringement, and thus Purdue was permitted by statute to file a complaint alleging indirect infringement by Hospira. *See id.* The court's decision that the pleading was sufficient was at least implicitly based on these required disclosures under the Hatch-Waxman Act. RSS also cites to *One World Technologies*, which issued prior to *Twombly*, and is inapposite to the current pleading standard. *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. July 20, 2004).

### D. RSS Fails to Identify Any Underlying Act of Direct Infringement or A Plausible Direct Infringer

RSS's inducement claim also fails because the Amended Complaint fails to specify any underlying act of direct infringement. The Complaint includes only a barebones, conclusory allegation that Accuray is somehow "knowingly inducing others, including its customers to use, offer for sale, and/or sell . . . the Tomo Hi-Art treatment system . . . ." (Am. Compl. ¶ 8). I RSS argues for the first time that Accuray is somehow inducing **CTCA** to commit an underlying act of direct infringement. But in its haste to remedy its defective pleading, RSS completely ignores the fact that CTCA **cannot possibly** be a direct infringer because it does not make, sell or offer to

sell the Tomo Hi-Art system, and is not licensed to use the Hi-Art system.  Tellingly, RSS has not disputed this point.

RSS concedes it has not yet decided what it means by "CTCA."  In one portion of its brief, RSS argues that the correct entity is really CTCA, **Inc.** (Opp. at pp. 1, fn. 2, 15), while in another portion, it argues that it really meant to name one of the regional hospitals affiliated with CTCA.  (Opp. at p. 4).  ("As expressly stated in RSS's complaint, of these four, regional hospitals and clinics, ***RSS names the entity that is located in Zion, IL***.").  Such ambiguity underscores the deficiencies of RSS's pleading, and makes it impossible to understand RSS's infringement theories.  Other than its defective conclusory accusation against "CTCA" raised for the first time in its opposition, RSS has not described ***any*** underlying act of direct infringement to support a claim of inducement.  In short, the Amended Complaint fails to present an inducement story that holds together.  *See Trading Tech.,* 2011 U.S. Dist. LEXIS 99415, at *13.

## III.  RSS'S OPPOSITION CANNOT REMEDY ITS FAILURE TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT AGAINST ACCURAY

### A.  RSS Effectively Concedes It Cannot Plead Pre-Suit Knowledge of the Patent

RSS points to Paragraph 9 as pleading knowledge of the patent (Opp. at p. 13), again conflating "knowledge of the patent" with "knowledge of infringement."  Knowledge of the patent and knowledge of infringement, however, are two separate elements of a claim of contributory infringement.  *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  Apparently conceding that Accuray did not have knowledge of the patent prior to this lawsuit, RSS argues that Accuray had knowledge of the patent "at least since the filing date of the complaint."  (Opp. at p 13).  As discussed above, this allegation is not found anywhere in the Amended Complaint, and RSS cannot supplement its pleading through its opposition brief.  *See Pirelli*, 631 F.3d at 448.  Further, pleading that Accuray had knowledge of the patent after the

filing date of this suit is not sufficient to maintain a claim of contributory infringement against Accuray, for the same reasons discussed above in Section II.B.

**B.      RSS Fails to Plead Factual Allegations Supporting Knowledge of a Component "Especially Made or Adapted for an Infringing Use"**

The Amended Complaint contains no non-conclusory factual allegations sufficient to support reasonable inferences that: (a) the accused article was especially made or adapted for an infringing use; and (b) the defendant knew it.  Citing *Intellect Wireless*, *Trading Techs*, and *Facilitec*, RSS argues that it is unable to plead how the Tomo Hi-Art system might be used to infringe the '848 patent "at this stage of the case" because that would require construing the claims and comparing the claims to the accused device.  (Opp.at p. 13).  As discussed above at Section II.B, these cases are distinguishable.  Further, Defendants are not asking for claim charts, but for factual allegations that make RSS's allegation of contributory infringement somehow plausible under *Iqbal*.  RSS was required under Rule 11 to have performed a comparison of the accused device to the claims of the '848 patent applying some claim construction to provide a basis for a good faith belief of infringement.  *Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295, 1300-1301 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement.") (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000)).  RSS's argument further underscores the deficiencies in its contributory infringement pleading, which requires that the Court dismiss its contributory infringement claims.  *See, e.g., Pagemelding,* 2012 U.S. Dist. LEXIS 33605, at *7-8; *Technology Licensing Corp. v. Technicolor USA, Inc.*, No. 10 C 1329, 2010 U.S. Dist. Lexis 113292, at *10-11 (E.D. Cal. Oct. 18, 2010) (dismissing

contributory infringement claim where complaint failed to provide factual allegations to support its claim).

> **C.      RSS Fails to Plead An Underlying Act of Direct Infringement or Identify A Plausible Direct Infringer**

As with its inducement claim, RSS again fails to identify any plausible underlying act of direct infringement to support its contributory infringement claim against Accuray.  In its opposition brief, RSS for the first time identifies "CTCA" as the "direct infringer" with regard to its allegations of contributory infringement against Accuray.  (Opp. at p. 14)  As discussed above in Section II.D, it is undisputed that CTCA ***cannot possibly*** be a direct infringer because it does not make, sell or offer to sell the Tomo Hi-Art system, and CTCA is not licensed to use the Tomo Hi-Art system.  Indeed, RSS cannot even decide what it means by "CTCA."  *See* Section II.D.  Without an underlying act of direct infringement or an identified direct infringer, RSS cannot sustain a claim of contributory infringement against Accuray.

## IV.     RSS HAS FAILED TO STATE A CLAIM OF DIRECT INFRINGEMENT AGAINST CTCA

With no basis for holding Accuray in this lawsuit, RSS has no choice but to rely on its flimsy infringement allegations (both direct and indirect) against CTCA.  RSS argues that its theory of direct infringement against CTCA is based upon a purported "use" of the Tomo-Hi Art system. [6]   (Opp. at p. 9)    As discussed in Defendants' Opening Brief and above in Sections II.D and III.C, RSS did not specify in its Complaint what it means by "CTCA" and apparently RSS has not yet decided.  CTCA Inc., located in Schaumburg, Illinois, provides business services to a network of hospitals and physician groups that are leaders in integrative cancer care, and does not "make, use, offer for sale or sell within the United States, or import into the United States

---

[6] RSS does not argue that CTCA makes, offers to sell, or sells the Hi-Art system (although these additional allegations appear in its Complaint).

devices using Image Guided Radiation Therapy, including at least the Tomo Hi-Art treatment system." Moreover, no entity known as "CTCA" is licensed to administer radiation therapy, or to own or operate a Tomo Hi-Art treatment system. CTCA *cannot possibly* be a direct infringer.

Instead of addressing the flaws in its direct infringement claim against CTCA, RSS relies on *McZeal* to argue that its direct infringement claim sets forth "each of the elements of Form 18." RSS misses the point. Regardless of the procedural requirements of Form 18, RSS cannot state a claim of direct infringement against CTCA that is even possible, let alone plausible, because CTCA is not licensed to use the Tomo Hi-Art system. Moreover, contrary to RSS's assertions, dismissing the direct infringement claim against CTCA does not implicate any claim construction or infringement issues. RSS's claim is implausible on its face and cannot be sustained against CTCA, regardless of whether the claims of the '848 patent could be construed to somehow cover the Hi-Art system. Accordingly, CTCA is not a proper party in this case, and RSS's direct infringement claim against CTCA should be dismissed.

## V. RSS HAS FAILED TO STATE A CLAIM OF INDUCEMENT AGAINST CTCA

RSS's inducement claims against CTCA fail for the same reasons discussed above in Section II with regard to the inducement claims against Accuray – namely, RSS has failed to plead that CTCA had any knowledge of the '848 patent or specific intent to induce infringement. Furthermore, RSS has also failed to identify any acts of CTCA that induced underlying infringement, any underlying act of direct infringement that CTCA purportedly induced, or who the direct infringer might be. RSS attempts to correct these defects in its opposition brief, asserting for the first time that CTCA had knowledge of the '848 patent "at least as of the filing date of the complaint." (Opp. at p. 10). Without pre-suit knowledge of the patent, CTCA could not have induced "others" or contributed to infringement pre-suit. Moreover, even if RSS could somehow amend its Amended Complaint to assert knowledge of the patent by CTCA after the

filing date of the complaint, RSS would be limited to, at most, post-filing damages. *See Intellect Wireless*, 2012 U.S. Dist. LEXIS 31669, at *35. RSS has not made any non-conclusory allegations that CTCA had any intent to induce post-suit infringement. Nor has RSS pled any facts from which a Court could reasonably infer – as opposed to speculate – that CTCA had any intent to induce infringement post-suit. See discussion in Section II above.

Further, as discussed above, RSS apparently has not yet decided what it means by "CTCA." At page 4, RSS appears to suggest that it meant to accuse one of the regional hospitals instead of CTCA. RSS's complaint, however, does not name any hospitals, and RSS cannot amend its pleading through its opposition brief.[7] Elsewhere RSS argues that it meant to name "CTCA, Inc.," and that its omission of "Inc." in its pleading is merely a clerical error. (Opp. at p.1, fn. 2 and p. 15). If RSS does not know which party it means to name, how are Defendants or this Court supposed to know? More importantly, identifying "CTCA" as a hospital would require a completely different indirect infringement theory than identifying "CTCA" as CTCA Inc. In short, RSS has failed to set forth any theory of inducement with regard to CTCA that holds together or even makes logical sense.[8]

Even if RSS could somehow cure these defects, its inducement claim against CTCA remains fatally flawed because RSS has failed to identify an underlying direct infringer. RSS alleges only that CTCA has induced some unidentified "others" to directly infringe. Some identification of the direct infringer beyond "others" is required. *See Dynacore Holdings Corp.*

---

[7] *See Pirelli*, 631 F.3d at 448. Further, any amendment would be futile, because the hospitals cannot possibly induce infringement. *Carolina Cas, Ins. Co. v. Merge Healthcare, Inc.,* No. 11 C 3844, 2011 U.S. Dist. LEXIS 100710, at * 13 (N.D. Ill. 2011) (granting motion to dismiss and denying leave to amend because amendment would be futile) (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).
[8] RSS's uncertainty strongly suggests that RSS did not perform a proper pre-suit analysis. The identity and corporate name of all hospitals licensed in the state of Illinois is a matter of public record, and would have been readily ascertainable by RSS had it bothered to check.

*v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (plaintiff must identify specific direct infringers or by category); *e-Lynxx Corp. v. Innerworkings, Inc.*, No. 10-cv-02535, 2011 U.S. Dist. LEXIS 91273, at *21-22 (M.D. PA, July 26, 2011) ("The complaint fails to make even a general identification of the alleged direct infringers. Plaintiff must clearly allege facts and not leave defendants to guess at plaintiff's meaning."); *Adaptor, Inc. v. Sealing Sys., Inc.*, No. 09-1070, 2010 U.S. Dist. LEXIS 139054 (E.D. Wisc. Dec. 29, 2010) (Plaintiff cured defective claims of inducement and contributory infringement by, inter alia, identifying an alleged direct infringer).  Particularly given the ambiguity of what "CTCA" means, the failure to identify an underlying direct infringer dooms RSS's inducement pleading against CTCA.

## VI.  RSS HAS FAILED TO STATE A CLAIM OF CONTRIBUTORY INFRINGEMENT AGAINST CTCA

As with its inducement allegation against CTCA, RSS has also failed to plead knowledge of the patent for its contributory infringement claim.  RSS points to a single phrase in paragraph 12 stating that CTCA somehow had "knowledge of infringement."  As explained above in Section II.A, "knowledge of infringement" and "knowledge of the patent" are two separate elements of a claim of contributory infringement and, as such, must be plead separately.  *Fujitsu*, 620 F.3d at 1326.  Apparently conceding the defect in its Complaint, RSS argues that CTCA had knowledge of the patent-in-suit "at least since the filing date of the complaint."  (Opp. at p 13)  As discussed above, this allegation is not pled in the Complaint, and RSS cannot supplement its pleading through its opposition brief.  *See Pirelli*, 631 F.3d at 448.  Even if RSS could amend its pleading, alleging that CTCA had knowledge of the patent-in-suit after the filing date of this suit is not sufficient to maintain a claim of contributory infringement against CTCA, for the same reasons discussed above in Section II.B.

RSS has also failed to plead any facts sufficient to support reasonable inferences that: (a) the accused article was especially made or adapted for an infringing use; and (b) the defendant knew it. RSS does not contend otherwise, instead arguing that it is unable to plead how the Tomo Hi-Art system might be used to infringe the '848 patent "at this stage of the case" because that would require construing the claims and comparing the claims to the accused device. As discussed above at Section III.B, RSS's argument again highlights the defects in its pleading.

Finally, RSS has failed to state a claim of contributory infringement against CTCA because it has not identified an underlying direct infringer. See discussion above at Section V. CTCA cannot contribute to infringement of the unidentified "others," because it does not make, use, offer to sell or sell the Tomo Hi-Art System. Again, RSS has failed to set forth any plausible theory of contributory infringement with regard to CTCA. Accordingly, RSS's claim of contributory infringement against CTCA should be dismissed.

For the reasons stated above, and in Defendants' Opening Brief, the Court should dismiss RSS's Amended Complaint in its entirety without leave to amend.

Dated: April 19, 2012                      Respectfully submitted,

                                           **ACCURAY INC. AND CANCER**
                                           **TREATMENT CENTERS OF AMERICA**

                                      By:  /s/ Brian W. Norkett
                                           _____
                                             One of Their Attorneys

OF COUNSEL:
Madison C. Jellins, Esq.                   Brian W. Norkett
Janice Christensen, Esq.                   Bullaro & Carton, P.C.
HelixIP LLP                                200 North LaSalle Street, Suite 2420
400 Seaport Court, Suite 105               Chicago, Illinois 60601
Redwood City, CA 94063                     Phone: (312) 831-1000
Phone: (650) 241-0190                      bnorkett@bullarocarton.com
mcjellins@helixip.com
jchristensen@helixip.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses, and/or have emailed a true and correct copy to:

Brian Buss
bbuss@wmalaw.com

Danny L. Williams
dwilliams@wmalaw.com

David Morehan
dmorehan@wmalaw.com

J. Mike Amerson
mamerson@wmalaw.com

Michael A Benefield
mbenefield@wmalaw.com

Eric H. Wiemers
weimers@ryndaksuri.com

James D. Ryndak
ryndak@ryndaksuri.com

Mark K. Suri
suri@ryndaksuri.com

By: /s/ Brian Norkett
      Bullaro & Carton, P.C.
      200 N. LaSalle Street,
      Suite 2420
      Chicago, IL 60601
      Tel: (312) 831-1000
      Fax: (312) 831-0647