| | |
|---|---|
| RADIATION STABILIZATION SOLUTIONS LLC, | ) ) |
| | ) Case No. 11-cv-07700 |
| Plaintiff, | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| ACCURAY INC. and CANCER TREATMENT CENTES OF AMERICA, | ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Radiation Stabilization Solutions LLC ("RSS"), filed an amended complaint on November 30, 2011, alleging direct patent infringement against defendant Cancer Treatment Centers of America ("CTCA"), and inducement and contributory patent infringement against CTCA and defendant Accuray, Inc. ("Accuray"). Defendants filed a motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6) for failure to state a claim. This Court heard oral arguments on the motion on June 29, 2012. For the reasons that follow, this Court grants in part and denies in part defendants' motion to dismiss.

**Background**

RSS is a Texas limited liability company and is the exclusive licensee of United States Patent No. 6,118,848 ("the '848 patent"). (Dkt. 7, Pl.'s First Am. Compl.) Accuray is a California corporation that manufactures the Tomo Hi-Art treatment system ("the Tomo machine"). CTCA is a hospital conducting business in Zion, Illinois, that uses the Tomo machine. The '848 patent is a utility patent with fifteen claims that cover the invention of a

"System to Stabilize an Irradiated Internal Target." (*Id.* at Ex. A.)

RSS alleges that CTCA is directly infringing the '848 patent under 35 U.S.C. § 271(a) by "making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Image Guided Radiation Therapy, including at least the Tomo Hi-Art treatment system." RSS further alleges that CTCA and Accuray are inducing the infringement of the patent under 35 U.S.C. § 271(b), and contributing to the infringement under 35 U.S.C. § 271(c).

**Legal Standard**

When deciding a motion to dismiss in a patent case, district courts apply the law of the regional circuit. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). To survive a 12(b)(6) motion, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement requires the plaintiff to provide sufficient facts to plausibly suggest that the allegations could have occurred, and to give fair notice to the defendant as to what the complaint is about. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

**Discussion**

*1. CTCA, Inc. as a Party*

Defendants argue three main bases for dismissal of the Amended Complaint with prejudice. First, defendants assert that this Court should dismiss RSS's claims against CTCA for failure to name a specific entity. Defendants claim that RSS's failure to include CTCA's corporate designation, "Inc.", should warrant dismissal with prejudice of CTCA as a party to the case. Defendants contend that no entity known as CTCA is licensed in Illinois to administer

radiation therapy, or owns or operates a Tomo Hi-Art treatment system. Defendants further contend that CTCA, Inc., located in Schaumburg, Illinois, is a healthcare marketing and management company that provides business services to a network of cancer treatment hospitals, not healthcare services. However, a brief search on CTCA, Inc.'s website reveals that CTCA comprises of multiple medical centers, one in Zion, Illinois, along with a corporate office in Schaumburg, Illinois. *Facility Addresses*, http://www.cancercenter.com/contact-us/facility-addresses.cfm. Moreover, Accuray's website lists "CTCA Midwest Regional Center" as a "TomoTherapy" treatment center in Zion, IL. *Treatment Centers in Illinois, USA*, http://accuray.com/treatment-centers/USA/IL.

In support of their argument, defendants cite *Elliston v. Ill. Cent. R.R. Co.*, No. 06-552, 2006 U.S. Dist. LEXIS 83552 (S.D. Ill. 2006). In *Elliston*, the plaintiff mistakenly named and served defendant "Trak Tech" instead of "Track Tech". *Id.* at *2. The court dismissed the case with prejudice regarding defendant, Trak Tech, but plaintiff was allowed to amend its complaint to include the proper defendant. *Id.* at *3. While *Elliston* involved an actual mistaken defendant in place of the intended one, the responding party that has been served with the instant motion (and complaint) is the defendant that RSS intended to sue. Therefore, it is irrelevant that RSS left out the corporate designation because the proper party has been notified and is aware of a pending action. Amendment of the complaint to provide the correct corporate and affiliate designation will rectify the problem. Moreover, just as the intended defendant, Track Tech, in *Elliston* was not dismissed; CTCA, Inc. will not be dismissed either. This Court grants RSS leave to amend its complaint to include CTCA's corporate designation.

Defendants also argue that CTCA is at most a peripheral defendant, and that the only reason CTCA was joined as a party was to anchor venue in this district. Venue for claims arising

out of patent infringement is proper in the "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Other than RSS's failure to include CTCA's corporate designation, defendants do not dispute CTCA, Inc.'s residence in the forum state. Instead, defendants cite to *Calmedica LLC v. Novoste Corp.*, No. 03 C 3924, 2004 WL 413296 (N.D. Ill. Jan. 30, 2004). In that case, Calmedica, a California resident, sued Novoste, a Georgia resident, along with Rush, an Illinois resident, in the Northern District of Illinois alleging that the medical device Novoste manufactured and Rush used infringed its patent. *Id.* at \*2. The court granted defendants' motions to sever and transfer venue after finding that Rush was merely one of more than fifty hospitals around the country that was using this device, and other than Rush, Calmedica nor Novoste had any connections to the forum state. *Id.* at \*3.

The instant case shares some factual similarity with *Calmedica*, but is distinguishable. Like *Calmedica*, CTCA, the hospital using the alleged infringing device, is the only party that is a resident of the forum state, and is one of numerous hospitals throughout the country and around the world that uses Accuray's Tomo machine. *See Treatment Centers*, http://www.accuray.com/treatment-centers/USA. However, the inventor of the patent and the attorneys that were involved in the patent's prosecution reside in the forum state giving RSS, at the least, a higher interest in litigating in the forum state than Calmedico. *See Radiation Stabilization v. Varian*, No. 11 C 7701, 2012 WL 1886456 at \*\*2, 3 (N.D. Ill. May 17, 2012) (finding that the location of key witnesses heavily weighed in favor of denying motion to transfer venue). Additionally, defendants do not ask the Court to sever the parties or transfer the case. Therefore, venue is proper because CTCA is an Illinois resident.

*2. Inducement of Infringement*

Next, defendants argue that this Court should dismiss RSS's claims that Accuray and

CTCA induced infringement of the patent-in-suit without leave to amend because RSS has not

alleged knowledge of the '848 patent or any facts to show that Accuray or CTCA affirmatively

encouraged direct infringement or that defendants had any specific intent to induce infringement

with the Tomo Hi-Art system.

"There can be no inducement or contributory infringement without an underlying act of

direct infringement." *In re Bill of Lading*, 2012 WL 2044605, at \*16 (quoting *Linear Tech. Corp.*

*v. Impala Linear Corp.,* 379 F.3d 1311, 1326 (Fed. Cir. 2004). Thus, this Court will first address

whether RSS has adequately pleaded direct infringement.

In support of their contention that the Amended Complaint insufficiently alleges direct

infringement, defendants cite to *In re Bill of Lading Transmission and Processing Sys. Patent*

*Litig.*, 695 F. Supp. 2d 680 (S.D. Ohio 2010).[1] However, that case was recently affirmed-in-part

and reversed-in-part by the Federal Circuit after filing of this motion, but before the hearing on

the motion. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, Nos. 2010-1493,

2010-1494, 2010-1495, 2010-1496, 2011-1101, 2011-1102, 2012 WL 2044605 (Fed. Cir. June 7,

2012). In *Bill of Lading*, the Federal Circuit reversed the lower court's dismissal of plaintiff's

direct infringement and inducement claims against the defendant, and affirmed the lower court's

dismissal of plaintiff's contributory infringement claims. *Id.* at \*19. The court established that, in

alleging direct infringement, a plaintiff is only required to mirror Form 18 of the Appendix of

---

[1] At oral argument, defendants relied very heavily on *Gharb v. Mitsubishi Elec. Automation, Inc.,* 10 C 7204, 2012 U.S. Dist. LEXIS 76727 (N.D. Ill. June 4, 2012) (Chang, J.). However, that decision predates the Federal Circuit's ruling in *Bill of Lading*, and therefore is of limited instructional value. Moreover, in *Gharb* the court concluded that the ALPHA family of products could not infringe on Gharb's patents because the products were programmable logic controllers ("PLC") and the Federal Circuit had already construed that same patent uninfringeable by a PLC alone. Thus, there the plaintiff failed to identify an infringing product. *Id.* at \*12.

Forms to the Federal Rules of Civil Procedure to survive a motion to dismiss. *Id.* at *8.

Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using[the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* at *6 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Here, the Amended Complaint satisfies the requirements set in Form 18. Four of the five requirements are met; (1) RSS alleges that the claim arises from Title 35 of the United States Code and that this Court has personal jurisdiction; (2) RSS states that it is the "exclusive licensee" of the patent in question; (3) RSS states that CTCA is infringing the patent; and (5) RSS makes a demand for damages in its prayer for relief. As for the fourth requirement of notice of infringement, even if RSS does not explicitly state in its complaint that it has given Accuray or CTCA notice, the filing of this action itself can serve as the notice of infringement. 35 U.S.C. § 287. In fact, RSS concedes this fact in its response in opposition to the motion. While the statute allows RSS to use the complaint itself as notice of infringement, the Court notes that "damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287. RSS has successfully pleaded direct infringement, but if discovery reveals no evidence of notice prior to filing of the complaint, then damages are limited to post-filing infringement.

To state an induced infringement claim, the plaintiff must plead sufficient facts from which the Court can reasonably infer that the inducer knew of the patent and specifically intended the inducee to infringe that patent. 35 U.S.C. § 271(b); *In re Bill of Lading*, 2012 WL 2044605, at *12; *see Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011); *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556. While conditions of mind such as intent and

knowledge may be alleged generally, the pleadings must still allege sufficient facts to support a reasonable inference of that state of mind. Fed. R. Civ. P. 9(b); *Groupon Inc. v. Mobgob LLC*, No. 10 C 7456, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011); *see Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("Although 'knowledge' and 'intent' may be averred generally, our precedent . . . requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind"); *Simonian v. Weber-Stephen Prods. Co.*, 272 F.R.D. 218, 221 (N.D. Ill. 2011) (holding that sufficient underlying facts are still required even when alleging intent generally).

Both induced infringement claims are identical but for the parties' names. While RSS's allegations are not detailed, they are enough to survive dismissal. RSS alleges on "information and belief" that Accuray and CTCA are "at least as of the date of the filing of this complaint" inducing infringement of the '848 patent. RSS further states that the Tomo machine infringes the '848 patent. From these few facts alone, it is reasonable to infer that the Tomo machine incorporates a system that infringes the '848 patent, and that defendants intend to induce the infringement because they, at the least, now know of the infringing nature of the machine and continue to sell, use, or encourage others to use the machine. Though some facts are required even when alleging knowledge and intent generally, RSS appears to have provided at least the minimum amount of facts.

Additionally, defendants' argument that RSS cannot maintain its inducement claim based on knowledge after the time of the complaint is inconsistent with cases in this district. Courts in this district agree that a defendant's knowledge of a patent through the filing of the complaint does not defeat a plaintiff's induced infringement claims. *Trading Tech. Int'l., Inc. v. BCG Partners, Inc.*, Nos. 10 C 715, 10 C 716, 10 C 718, 10 C 720, 10 C 721, 10 C 726, 10 C 882, 10

C 883, 10 C 884, 10 C 885, 10 C 929, 10 C 931, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit"); *Groupon*, 2011 WL 2111986, at *3. While additional facts would undoubtedly more clearly state a claim, RSS appears to have met the bare minimum required to survive this stage of the proceeding.

3. *Contributory Infringement*

Lastly, defendants argue that this Court should dismiss RSS's claims of contributory infringement against Accuray and CTCA without leave to amend because RSS fails to plead any facts showing that either Accuray or CTCA offer for sale, sell and/or import a material "component" of the claimed invention of the '848 patent.

Contributory infringement requires: 1) that there is direct infringement, 2) that the defendant had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component constitutes a material part of the invention. 35 U.S.C. § 271(c); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 2012 WL 2044605, at *9. Once again, the plaintiff need not prove every element of the claim but must plead sufficient facts that lead to reasonable inferences that support the plausibility of the allegations. *Id.*; *see Ashcroft*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

The contributory infringement claims against Accuray and CTCA are identical but for the

parties' names. The first two elements of a contributory infringement claim are met: 1) The complaint sufficiently pleads direct infringement; and 2) like RSS's inducement claim, knowledge of the patent can be inferred from the complaint itself. However, RSS does not plead a single fact from which this Court can infer that the Tomo machine has no other substantial noninfringing uses or that the component constitutes a material part of the invention. RSS does not explain, even briefly, what the Tomo machine does or how it incorporates an infringing component. RSS's claim merely states that the Tomo machine is "not a staple article or commodity of commerce suitable for substantial noninfringing use" and that "one or more components . . . constitute a material part of the invention . . . ." (Dkt. 7, at ¶ 9.) Without additional facts, these statements are conclusory recitals of the elements of the claim. Therefore, this Court dismisses RSS's contributory infringement claims without prejudice.

**Conclusion**

Based on the foregoing, defendants' Motion to Dismiss is granted in part and denied in part. This Court grants plaintiff 30 days to file an amended complaint. Status hearing is set for October 22, 2012 at 9:00 a.m.

IT IS SO ORDERED.

Date: August 21, 2012

Entered: _____
          Sharon Johnson Coleman